IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DANYEL RAY CHAMPION**  **PLAINTIFF**

v.  **CIVIL ACTION NO. 3:21-cv-224-JMV**

**COMMISSIONER OF
SOCIAL SECURITY**  **DEFENDANT**

**ORDER**

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for period of disability and DIB. The undersigned held a hearing on August 9, 2022 [22]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Statement of the Case**

On March 22, 2019, Plaintiff filed for period of disability and DIB under Title II of the Social Security Act, and alleged a disability onset date of July 23, 2018. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. The

Administrative Law Judge (hereinafter "ALJ"), Michael L. Brownfield, held a hearing on August 6, 2020, and issued an Unfavorable Decision in this cause on January 28, 2021. The Appeals Council issued an Order dated September 10, 2021, denying Plaintiff's request for review, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of July 23, 2018. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: hyperthyroidism; neuropathy; obesity; migraine headache; and epilepsy/syncope/hypoglycemia/atrial fibrillation (20 CFR 404.1520(c) and 416.920(c)). At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff's RFC and found that she retained the ability to perform unskilled light work as defined in 20 CFR 404.1567(b), except she could occasionally climb ramps or stairs, stoop, kneel, crouch, crawl, or balance; no climbing of ladders, ropes, or scaffolds; no work around unprotected heights; avoid hazardous moving machinery; no operation of a motor vehicle as part of job duties; and no exposure to extreme heat.

At step four, the ALJ found that the Plaintiff could not perform her past relevant work. She had past relevant work as a hostler, tractor-trailer driver and an instructor. The claimant has at least a high school education. Transferability of job skills was found to be immaterial to the determination of disability.

At step five, the ALJ considered the vocational expert's testimony and found that given all of the factors present, the Plaintiff would be able to perform the requirements of representative

occupations such as a cashier, sales attendant, marker, document preparer, stuffer, and table worker. Accordingly, the ALJ found Plaintiff not disabled and denied his applications for period of disability and DIB.

**Discussion**

The primary issue raised by the Plaintiff on appeal is whether it was reversible error for the ALJ to fail to incorporate Plaintiff's need to be off task or away from the workstation into the RFC. The Court finds this argument lacks merit, and for the reasons explained below, finds that the ALJ's decision was supported by substantial evidence and should be affirmed.

At the outset, the Court notes that the RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). To carry weight, subjective statements must be corroborated by objective findings. *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988); SSR 96-8p, 1996 WL 374181, at *5.

Further, the RFC is the most an individual can do on a sustained basis after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. See 20 C.F.R. § 404.1545(a). The ALJ has the final responsibility for determining an individual's RFC based on all of the relevant medical and other evidence. *See Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012); 20 C.F.R. §§ 404.1545, 404.1546. The RFC assessment is an administrative finding of fact, and the ALJ, not a medical source, is responsible for this assessment.

See 20 C.F.R. § 404.1546(c).

Following the 2017 revisions to the Rules, "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021). Instead, the ALJ considers the persuasiveness of medical opinion evidence. 20 C.F.R. § 416.920c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 416.920c(b)(2).

Here, the ALJ The ALJ did not rely exclusively or excessively on any one factor when assessing Plaintiff's symptoms and RFC. [11] at 12-19. Instead, the ALJ properly considered a range of evidence in his decision, including the following: (1) the medical records ([11] at 12-16, 19); (2) medical opinions, prior administrative findings, and medical interrogatories (evaluating several opinions indicating that Plaintiff could perform a range of light work) ([11] at 18-19); the nature, location, duration, frequency, and intensity of Plaintiff's symptoms (noting that Plaintiff reported recurrent episodes of dizziness, lightheadedness, and/or loss of consciousness, heat intolerance, neuropathy, migraine headaches, and right upper extremity pain) ([11] at 17); (3) medications that Plaintiff has taken, and the efficacy and side effects of these medications (noting that Plaintiff took Keppra for seizures and Ajovy and Sumatriptan for migraines and noting improvement in migraine headaches) ([11] at 13); and (4) Plaintiff's functional limitations, which the ALJ addressed in his residual functional capacity determination ([11] at 16-17). See 20 C.F.R. § 404.1529(c).

Arguing that the ALJ should have found she would be off task, Plaintiff relies heavily on

her diagnoses, including active problems list of migraines, syncope, and collapse. *See* Pl.'s Br. at 4-6. The Fifth Circuit has long held that the mere presence of an impairment does not establish limitations or disability. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Instead, Plaintiff bears the burden of proving the specific limitations her impairments caused. *See Vereen v. Barnhart,* 2005 WL 3388136, at *5 (W.D. Tex. Nov. 16, 2005) (Report and Recommendation). Here, the ALJ properly explained that he accounted for Plaintiff's impairments and symptoms, including migraine headaches and dissociative episodes, by limiting her to light work with no extreme heat; no climbing of ladders, ropes or scaffolds; no work around unprotected heights; no operation of a motor vehicle; and avoiding hazardous moving machinery ([11] at 16-17).

One of the reasons Plaintiff gives for needing time off-task or away from the workstation is due to her chronic migraine headaches. Despite listing Plaintiff's chronic migraine headaches as an active problem, numerous treatment notes indicate that Plaintiff's migraines improved with medication. Impairments that can be reasonably controlled with medication are not disabling. *See James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986). For example, treatment notes on November 12, 2018, documented that Plaintiff's migraines were better ([11] at 13, 605). December 2018 treatment records note that Ajovy had helped and described her migraines as stable ([11] at 603). January 2019 treatment notes document significant improvement in headaches with Ajovy ([11] at 599). In February 2019, Plaintiff reported her headaches were mostly gone, and Dr. Condon assessed "Migraine, doing well" ([11] at 597). In April 2019, Plaintiff reported that she had a headache a couple of weeks prior but was doing well now, and Dr. Condon assessed "Migraine, doing well" ([11] at 594). July 8, 2019, treatment notes show that Plaintiff's migraines improved with Ajovy, Magnesium, and Riboflavin and also described her migraine as "under good control" ([11] at 450-51). In August 2019, Dr. Condon remarked that Plaintiff's headaches were "doing

pretty well" ([11] at 454). October 2019, December 2019, and February 2020 treatment notes document that Plaintiff had no headaches ([11] at 14-15, 572, 575, 578).

Review of systems for several other treatment notes document that Plaintiff denied headaches ([11] at 522, 535, 546, 647, 658). The record thus indicates that Plaintiff's headaches were well controlled with medication and not disabling. *See Garcia v. Astrue*, 293 F. App'x 243, 245 (5th Cir. June 26, 2008) (unpublished) (noting that the records showed improvement in her migraine headaches with medication and concluding substantial evidence supported the ALJ's determination that the claimant's migraine headaches were "not so disabling as to prevent her from doing her past work with certain precautions.").

Plaintiff also alleges that the ALJ should have included additional limitations attributable to epilepsy/syncope/hypoglycemia/atrial fibrillation. With respect to seizures, in November and December 2018, Plaintiff reported no seizures at all ([11] at 602). February 2019 and April 2019 Neurology treatment notes described Plaintiff's epilepsy as completely controlled ([11] at 593-94, 597). Although Plaintiff reported passing out in June 2019, Dr. Condon specifically questioned Plaintiff's compliance with her medications ([11] at 590, 592). And in July 2019, Dr. Condon remarked that Plaintiff's Keppra level was quite low and that "some of this was noncompliance" ([11] at 450). In October 2019, December 2019, February 2020, and April 2020, Plaintiff reported no seizures ([11] at 572, 575, 578, 635).

In November 2020, medical experts William Biles, M.D., and Lauren Frey, M.D., described Plaintiff's seizures as well controlled ([11] at 879, 899). Finally, with respect to hypoglycemia, the ALJ noted that blood glucose monitoring revealed only rare hypoglycemic events ([11] at 15, 545). The ALJ's finding that Plaintiff could perform light work with no climbing ladders, ropes, or scaffolds, work around unprotected heights, hazardous moving machinery,

driving, or exposure to extreme heat properly accounted for her dissociative episodes, regardless of the cause ([11] at 16-17).

The undersigned acknowledges the Plaintiff's list of "illustrations in the record" that would "result in time off-task or absent from the workstation." *See* Pl.'s Br. at 4-6. Nonetheless, the Court finds that Plaintiff has not met her burden of proving that her impairments caused limitations beyond those in the ALJ's RFC finding that she could perform unskilled light work.

As Plaintiff admitted in her brief, the cases cited by her are not factually analogous. Pl.'s Br. [18] at 6. While Plaintiff appears to argue that she could not perform work on a regular and continuing basis, the record before the undersigned does not support such a finding. Furthermore, the Fifth Circuit has clarified that an affirmative finding that an individual can maintain employment is necessary only when an individual's "ailment waxes and wanes in its manifestation of disabling symptoms." *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003). Here, the ALJ's RFC assessment is properly understood to have encompassed Plaintiff's ability to maintain employment, and failure to find that Plaintiff would be subject to additional absenteeism based upon her alleged impairments is not reversible error. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (no need for a specific finding addressing the ability to maintain employment "absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter").

## Conclusion

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision. Thus, the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 11th day of August, 2022.

/s/ Jane M. Virden
United States Magistrate Judge